**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

```
BOBBIE HARRIS,                    )   2:06-CV-01402-ECR-GWF
                                  )
             Plaintiff,           )
                                  )
v.                                )   ORDER
                                  )
THE CANADA LIFE ASSURANCE         )
COMPANY, a Canadian               )
corporation; and JEFFERSON        )
PILOT FINANCIAL INSURANCE         )
COMPANY, a North Carolina         )
corporation,                      )
                                  )
             Defendant.           )
_____ )
```

Plaintiff Bobbie Harris filed her Complaint in state court on October 2, 2006. Canada Life Assurance Company and Jefferson Pilot Financial Insurance Company ("Defendants") then removed this case to this Court on November 2, 2006. Defendants filed a motion (#14) to dismiss Plaintiff's state law claims on March 12, 2007, arguing that these claims are preempted by ERISA's preemption provision. See 29 U.S.C. § 1144(a). When the time to respond to Defendants' motion had ran, and after Defendants filed a "Request for Ruling" (#17), the Court afforded Plaintiff additional time sua sponte. After the motion remained unopposed, the Court granted the motion to dismiss, noting that it was facially well taken, whereupon Plaintiff filed a

motion (#21) for reconsideration together with a motion to consider Plaintiff's untimely opposition.  Plaintiff's motion for reconsideration in light of her opposition was granted (#28) on August 28, 2007.  The Court now reconsiders Defendant's motion (#14) to dismiss, and that motion is again **GRANTED**.

**I. Legal Standard**

On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and

2

1  give the non-moving party an opportunity to respond.  Fed. R. Civ.
2  P. 12(b); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir.
3  2003).  "A court may, however, consider certain materials --
4  documents attached to the complaint, documents incorporated by
5  reference in the complaint, or matters of judicial notice -- without
6  converting the motion to dismiss into a motion for summary
7  judgment."  Ritchie, 342 F.3d at 908.

    If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them."  Lee, 250 F.3d at 688 (citation, internal quotations and ellipsis omitted).  A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim."  Ritchie, 342 F.3d at 908.  Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

## II. Analysis

    Plaintiff alleges that Canada Life Assurance Company administered the employee benefit plan that is the subject of this

3

1 action, and that Canada Life Assurance Company "delegated its duty
2 to pay" Plaintiff to Jefferson Pilot Financial Insurance Company.
3 (Complaint (#1-4) ¶¶ 7, 9.)  Plaintiff alleges that Jefferson then
4 "embarked on a scheme" to wrongfully terminate Plaintiff's benefits
5 through the administration of a Functional Capacity Exam.  (Id. ¶¶
6 9-13.)  The Complaint contains causes of action for (1) declaratory
7 relief pursuant to 29 U.S.C. § 1132(a)(1)(b); (2) breach of the
8 employee benefit plan; and (3) intentional interference with
9 prospective economic advantage.

10      Section 514(a) of ERISA, 29 U.S.C. § 1144(a), states that ERISA
11 shall "supersede any and all State laws insofar as they may now or
12 hereafter relate to any employee benefit plan," as defined by the
13 act in section 1003(a).  The statutory phrase "relate to" is vague,
14 and for this reason ERISA preemption is not always a straightforward
15 inquiry.  See generally Cedars-Sinai Med. Ctr. v. Nat'l Leag. of
16 Postmasters, 497 F.3d 972, 977 n.2 (9th Cir. 2007); Dishman v. UNUM
17 Life Ins. Co. of America, 269 F.3d 974, 980 (9th Cir. 2001) ("It is
18 with great trepidation that we tread into the field of ERISA
19 preemption.").[1]  Here, however, the law is clear.

20      ERISA preempts a state law claim for breach of contract that
21 would require interpreting the plan in order to dictate a particular
22 distribution of benefits.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S.
23 41, 47-49 (1987); Providence Health Plan v. McDowell, 1168 F.3d

---

[1] A claim will "relate to" a federally regulated plan if it has a "connection with" or "reference to" a plan. Providence, 1168 F.3d at 1172.  Determining whether there is a "reference to" a plan requires an inquiry into whether (1) "the claim is premised on the existence of an ERISA plan," and (2) "whether the existence of the plan is essential to the claim's survival." Id.

4

1168, 1172 (9th Cir. 2004); <u>Gibson v. Prudential Ins. Co. of America</u>, 915 F.2d 414, 416-17 (9th Cir. 1990).  Plaintiff's second cause of action for breach of contract clearly must therefore be dismissed.

Plaintiff's claim for intentional interference with prospective economic advantage is directed against Jefferson Pilot Financial Insurance Company.  The alleged interference is with the proper administration of the benefit plan.  (Complaint (#1-4) ¶ 26.)  In some circumstances, claims involving "third-parties," and normally those that are <u>brought</u> by third-parties, are not preempted by ERISA.  <u>See</u> <u>The Meadows v. Employers Health Ins.</u>, 47 F.3d 1006, 1008-9 (9th Cir. 1995) (holding that ERISA does not preempt claims by a third-party provider who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but rather as an independent entity claiming damages).  This is not such a case.  Plaintiff is alleging that Jefferson was delegated the responsibility of administering the plan (Complaint (#1-4)  ¶¶ 7, 9), and the ultimate issue is the way the plan was administered.  <u>See</u> <u>Dishman</u>, 269 F.3d at 983 ("asserting improper processing of a claim for benefits under an insured employee benefit plan" must fail if "but for" the denial of the claim, "there would have been no grounds for their state law actions").  There is no question that Plaintiff's theory requires interpreting the plan in order to dictate a distribution of benefits, <u>Providence</u>, 1168 F.3d at 1172, and that "the existence of the plan is essential to the claim's survival." <u>Id.</u>  In sum, Plaintiff's claim "depend[s] on" and "derive[s] from" her claim for benefits, and "[c]laimants simply cannot obtain relief by dressing

up an ERISA benefits claim in the garb of a state law tort." Dishman, 269 F.3d at 983.  Accord McMahon v. Digital Equipment Corp., 162 F.3d 28, 38 (1st Cir. 1998) (state law claim against employer for intentional interference with advantageous business relationship is preempted by ERISA).[2]

III. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion to dismiss (#13) the second and third causes of action in Plaintiff's Complaint (#1-4) is **GRANTED**.  Plaintiff's motions (##23, 24) for an order to compel discovery related to the issue of preemption and for modifications in the scheduling order to accommodate that discovery are **DENIED** as moot.

DATED: This  26th   day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff argues that "Defendants were obligated to comply with state disability law that regulates the business of insurance." To the extent that Plaintiff is making this argument as an attempt to save either her breach of contract or her tort claim from preemption, this argument is clearly foreclosed by Pilot Life Insurance, 481 U.S. at 47-49, which held that the "insurance savings clause" does not save from preemption bad faith, breach of contract, and other claims that would provide alternative means for enforcing an employee benefits plan.

6